UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDELRAHMAN YASSER HASSANE,

    Plaintiff,                                    Civil Action No. 16-CV-10540

vs.                                                HON. BERNARD A. FRIEDMAN

TRIMEDX d/b/a
TRIMEDX, INC. OF MICHIGAN, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE
MOTION OF DEFENDANTS HOLMBERG AND SCANDALITO TO DISMISS**

        This matter is presently before the Court on the motion of defendants Holmberg and Scandalito to dismiss [docket entry 9]. Plaintiff has filed a response in opposition and defendants have filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

        This is an employment discrimination case. Plaintiff alleges that once defendants learned he is a Muslim – when plaintiff requested a two-week leave of absence to celebrate a religious holiday with his family in Egypt – they denied his requests for training, tools, a promotion, and a raise; demoted him to a low-level inventory position; and placed him on probation. Plaintiff asserts claims against his employer (Trimedx) and its parent company (AH Holdings) and three of his supervisors (Holmberg, Scandalito, and Palinski) for discriminating against him based on his religion in violation of his rights under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"). Specifically, Counts I, II, and III of the complaint assert claims under Title VII for "religious discrimination, "disparate treatment," and "hostile work environment," respectively; and Counts IV and V assert claims under ELCRA for

"religious discrimination and disparate treatment" and "hostile work environment," respectively. For relief, plaintiff seeks damages, attorney fees, and costs.

Defendants Holmberg and Scandalito seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). In deciding a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's factual allegations as true." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

Citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405-406 (6th Cir. 1997), defendants first argue that Counts I, II, and III must be dismissed as to them because Title VII permits discrimination claims against employers, not supervisors. In response plaintiff argues that this is not so when the supervisors in question, as here, "exercise[] significant control over the plaintiff's hiring, firing or conditions of employment." Pl.'s Resp. at 12 (quoting *Hall v. State Farm Ins. Co.*, 18 F. Supp. 2d 751, 761 (E.D. Mich. 1998)).

Plaintiff reads too much into *Hall*, which went on to note that even when supervisors

exercise such control, they may be sued only in their official capacities (i.e., as agents of their employers). *See Hall*, 18 F. Supp. 2d at 761.  That court also acknowledged "the tide of decisions which disallow individual liability under Title VII." *Id.*  Indeed, Sixth Circuit cases decided in the interim have reaffirmed the holding in *Wathen* that it is *employers*, not supervisors or co-workers, who may be held liable under Title VII.  *See, e.g., Han v. Univ. of Dayton*, 541 F. App'x 622, 629 (6th Cir. 2013) ("Title VII does not allow for liability on the part of any person or entity other than Plaintiff's 'employer.' And according to this Court, under 42 U.S.C. § 2000e, an 'employer' does not include the 'supervisors,' 'managers,' or 'co-workers' of a plaintiff."); *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012) ("An individual cannot be held personally liable for violations of Title VII."); *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003) ("In *Wathen*, this court held that despite the express use of the word 'agent' in the statute, Title VII does not create individual liability for individuals in supervisory positions . . .").  Because defendants are plaintiff's supervisors, and not his employer, the Court shall grant defendants' motion as to Counts I, II, and III.

Defendants next argue that the Court should dismiss Counts IV and V because the allegations made in support of these claims are contradictory and conclusory.  The Court disagrees.  At this stage of the case, plaintiff need only make allegations which set forth a facially plausible claim.  The complaint in the present case satisfies this liberal standard, as plaintiff alleges defendants subjected him to various adverse treatment shortly after he notified them of his desire to take a two-week vacation for religions reasons.  This aspect of defendants' motion is denied.

Finally, defendants seek dismissal of plaintiff's hostile work environment claims (Counts III and V).  In support of these claims, plaintiff alleges that defendants subjected him

> to an unwelcome hostile work environment based on his religion, Islam, through severe and pervasive actions that altered the

3

> conditions of his employment, including, but not limited to, not addressing his complaints about discrimination and harassment; and, demoting him to do inventory and denying him proper training pursuant to program guidelines, a promotion and a salary raise, on the basis of his religion, Islam.

Compl. ¶¶ 66, 78.

> Under Title VII,
>
> [a] hostile work environment exists when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotation marks and citation omitted). To prove a hostile work environment, a plaintiff must show that "(1) [he] is a member of a protected class, (2) [he] was subject to unwelcomed harassment, (3) the harassment was based on the employee's protected status, (4) the harassment created a hostile work environment." *Williams*, 187 F.3d at 560. The test has both a subjective an objective component. The plaintiff must show not only that he "subjectively perceive[d] the environment to be abusive," but that a "reasonable person would find the environment objectively hostile." *Id.* at 568.

*Creggett v. Jefferson Cty. Bd. of Educ.*, 491 F. App'x 561, 568 (6th Cir. 2012). The standard is the same under ELCRA. *See Radtke v. Everett*, 442 Mich. 368, 382-383 (1993); *Weberg v. State of Michigan*, No. 217671, 2001 WL 788492, at *3 (Mich. Ct. App. Jan. 12, 2001).

An essential element of such a claim is that the harassment be both objectively and subjectively "severe and pervasive." Further, as noted by the court in *Hafford v. Seidner*, 183 F.3d 506 (6th Cir. 1999), quoting *Faragher v. City of Boca Raton*, 118 S. Ct. 2275, 2283-84 (1998), cited in plaintiff's response brief, the conduct at issue "'must be extreme to amount to a change in the terms and conditions of employment.'" In *Hafford*, plaintiff's claim of a racially hostile work environment (based on co-workers making death threats against plaintiff and calling him racially

derogatory names) survived summary judgment, while his claim of a religiously hostile work environment (based on supervisors commenting that plaintiff was "preparing for a holy war" and that Islam taught hatred of white people, and a supervisor mocking the Muslim greeting) did not. In *Harris* and *Williams*, where the hostile work environment claims were permitted to proceed, the harassment took the form of frequent, demeaning and sexually suggestive comments. In *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986), cited in *Harris*, the hostile work environment claim was permitted to proceed where the harassment took the form of years of fondling and sexual abuse. In *Creggett*, where plaintiff's racially hostile work environment claim failed on summary judgment, plaintiff alleged "that he was being subjected to excessive classroom observations; accused of lying by his principal, . . . ; forced to resign from [a school committed]; received a harsher punishment than two female teachers for a similar breach of the school's confidentiality policy; and denied professional training that other teachers were given." 491 F. App'x at 564.

In the present case, plaintiff does not allege that defendants subjected him to a religiously hostile work environment. It is not alleged that defendants, or any of plaintiff's co-workers, made any insulting or demeaning comments, or threats, regarding plaintiff's religion. There is, quite simply, no allegation – or even the slightest hint – of "discriminatory intimidation, ridicule, and insult" anywhere in plaintiff's complaint. *Harris, supra.* The Court shall therefore grant defendants' motion to dismiss Counts III and V on this basis. Accordingly,

IT IS ORDERED that defendants' motion to dismiss is granted in part and denied in part as follows: the motion is granted as to Counts I, II, III, and V, but denied as to Count IV.

S/ Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 10, 2016
Detroit, Michigan

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 10, 2016, by electronic and/or ordinary mail.

s/Kelly Winslow for Carol Mullins
Case Manager